# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

---

Leonard F. Joy
*Executive Director and
Attorney-in-Chief*

*Eastern District*
Peter Kirchheimer
*Attorney-in-Charge*

August 26, 2010

The Honorable David G. Trager
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v. Levy Sharon*, **10 CR 415 (DGT)**

Dear Judge Trager:

      Mr. Sharon pleaded guilty to making a false statement in an immigration application. He is scheduled to be sentenced by this Court on Monday, September 13, 2010 at 11:00 p.m.

      Mr. Sharon objects to the guideline calculation found in the presentence investigation report (PSR) insofar as it recommends an enhancement for obstruction of justice and against a decrease for acceptance of responsibility. The government and Mr. Sharon entered into a plea agreement, in which the government anticipated that Mr. Sharon would not receive an obstruction of justice enhancement and would receive a two level decrease for acceptance of responsibility. Notably, the government entered into this agreement with full knowledge of Mr. Sharon's allegedly obstructive conduct. In these circumstances, Mr. Sharon may rely on the government's guideline estimate found in the plea agreement. *See United States v. Vaval*, 404 F.3d 144, 152 (2d Cir. 2005)(finding that the government violated a plea agreement by advocating for a more severe sentence than was anticipated in the agreement.)

      Furthermore, the allegedly obstructive conduct, the intimidation of Mr. Sirojov, occurred before Mr. Sharon was arrested for the instant offense and well before Mr. Sharon pleaded guilty. The government was aware of the conduct prior to the guilty plea and Mr. Sharon voluntarily admitted his part in the conduct. Thus, even if the obstruction of justice enhancement were warranted, a decrease for acceptance of responsibility would still be appropriate. In that case, Mr. Sharon's guideline level would be 8 with a corresponding sentencing range of 0-6 months.

      Mr. Sharon objects to the following portions of the PSR; none of these objections affect the guideline calculation. At ¶¶ 9 and 14, the PSR indicates that Mr. Sharon was a participant in Ms. Djalilova's prostitution business. He was not. Specifically, he did not transport prostitutes for Ms. Djalilova and he did not appear at her place of business in uniform to intimidate

prostitutes. He did not check the prostitutes' immigration documents. Ms. Djalilova was paying Mr. Sharon regularly, as noted at PSR ¶¶ 14 and 67, but these payments were made in exchange for Mr. Sharon entering into the fraudulent marriage.

Mr. Sharon did not intentionally burn his wife with hot water as stated in PSR ¶¶35 and 36. Ms. Roy was accidentally burned by hot water and the complaint was dismissed after she explained this to authorities. Mr. Sharon was a victim of an assault in 1987, not 1989, as noted in PSR ¶ 59. The fish roe business noted in PSR ¶ 67 belongs to Mr. Sharon's son and has not brought in any money since his son was jailed for violating parole. Mr. Sharon is unaware of the two liens listed in PSR ¶ 80.

## 18 U.S.C. § 3553(a)

A sentencing court "shall impose a sentence sufficient, but ***not greater than necessary***" to fulfill four objectives: retribution, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a)(2); *See United States v. Booker*, 125 S.Ct. 738 (2005) (holding that the Sixth Amendment right to a jury trial was infringed by the mandatory nature of the Sentencing Guidelines, rendering the Guidelines advisory). When deciding on an appropriate sentence the Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(2).

Mr. Sharon acknowledges the seriousness of the offense he has committed and has accepted responsibility for his actions. He is 56 years old and has no prior criminal record. He suffers from chronic obstructive pulmonary disease and obstructive sleep apnea syndrome. *See,* letter from Dr. Sagalovich, attached as exhibit A. He is supposed to sleep with a device that counteracts the sleep apnea, but has not been provided such a device at the MDC. He has consequently not been able to sleep much while incarcerated and his health has suffered.

In light of the guideline range and Mr. Sharon's history and health problems, a sentence of time served is appropriate.

Thank you for your attention to this matter.

Respectfully submitted,

Michael K. Schneider, Esq.
(718) 330-1161

cc: Clerk of the Court (by ECF)
Ms. Christina Posa, Assistant U.S. Attorney
Ms. Jennifer G. Fisher, United States Probation Officer
Mr. Levy Sharon